IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEELAN R. BUSH,**<br><br>**Plaintiff,**<br><br>v.<br><br>**RACHEL DODD, P. MARTIN, MR. HILL, and DR. BABISH,**[1]<br><br>**Defendants.** | Case No. 23-cv-2975-MAB |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Keelan R. Bush, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.[2] Bush alleges he is being served meals that are detrimental to his medical condition in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[3] Under Section 1915A, the Court is required to screen

---

[1] After Bush filed his Complaint, he filed a motion to substitute (Doc. 7) in order to identify the proper name for Warden Tasha Dobbs. Bush contends that the warden's proper name is Rachel Dodd. Accordingly, the Clerk is **DIRECTED** to **CORRECT** the docket to reflect the warden's proper name and **SUBSTITUTE** Rachel Dodd in place of Tasha Dobbs.

[2] Although Bush checked the box on the Complaint form indicating that his Complaint was filed pursuant to 28 U.S.C. § 1331, Bush is a state prisoner and alleges constitutional violations which occurred at Robinson Correctional Center. Thus, his claims are more properly brought pursuant to 42 U.S.C. § 1983.

[3] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health

1

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Bush makes the following allegations: Bush is a Type I diabetic but struggles to keep his blood sugar in check because of the type of meals served at Robinson (Doc. 1, p. 20). On a daily basis Bush receives beans, rice, pasta, potatoes, and white bread as part of the meal offerings at Robinson (*Id.*). Dietary Supervisor Mr. Hill has informed Bush that there is no alternative diet for diabetics at Robinson and that an alternative diet is not part of the therapeutic manual guide provided to dietary by the Illinois Department of Corrections ("IDOC"). Mr. Hill contends that the guide does not require any special foods and, thus, Bush receives what all inmates receive at mealtime. Because of the meal offerings at Robinson, Bush alleges that his blood sugar levels are constantly over 300, on a glucose reference range of 65-110 (*Id.* at pp. 20, 40). He also suffers from blurred vision, and pain in his legs and feet (*Id.*).

Healthcare Unit Administrator P. Martin informed Bush that Dr. Babish ordered him a low concentrated sweet diet with his bedtime snack bag (*Id.*). But Bush alleges that he does not receive the special diet and that P. Martin and Mr. Hill are in "co-hoots" in

---

Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

an effort to prevent Bush from receiving a special diet (*Id*. at p. 12). Although the diet is now in his medical file, Bush continues to receive the same items he received previously (*Id*.). None of the items, including a cup of apple sauce, two peanut butter packets, and two packs of crackers, constitute a low sweets diet (*Id*.).

On August 7, 2023, Bush saw Dr. Becker about his diabetes and, in particular, his A1C levels. Dr. Becker informed Bush that his levels were extremely high and that he needed to be on a special diet. Dr. Becker specifically ordered a p.m. salad for Bush, but staff at Robinson refuse to honor the order (*Id*. at p. 22). Bush spoke to Mr. Hill about the doctor's order for a salad and Mr. Hill stated that he was not going to provide Bush a salad because it is not listed in the therapeutic diet manual (*Id*.). Bush alleges that Mr. Hill also contacted the healthcare unit and cancelled the special salad diet (*Id*.). On August 18, 2023, Bush received a notice from the healthcare unit that his salad order was cancelled (*Id*.).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate the following count:

**Count 1:** Eighth Amendment deliberate indifference claim against Rachel Dodd, P. Martin, Mr. Hill, and Dr. Babish for refusing to provide Bush with a medically indicated diet.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

3

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[4]

At this stage, Bush states a viable deliberate indifference claim against Mr. Hill. Bush specifically alleges that he has requested a diabetic diet and Mr. Hill has refused to provide the diet, despite receiving medical orders from Dr. Babish and an outside physician. This is enough to state a claim against Mr. Hill. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).

Bush fails to state a claim, however, against P. Martin, Dr. Babish, and Rachel Dodd. Although Bush alleges that P. Martin is in "co-hoots" with Mr. Hill, there are no allegations to suggest that P. Martin denied Bush his medically ordered diet. In fact, Bush alleges that Martin informed him that a special diet was ordered and that it was written down in his files. There are no allegations to suggest Martin is in "co-hoots" with Mr. Hill or in any way participating in the denial of Bush's special diet. As to Dr. Babish, Bush alleges that he ordered the low concentrated sweet diet for Bush. There are no allegations to suggest Dr. Babish refused the medically indicated diet or was deliberately indifferent to Bush's medical needs. Finally, Rachell Dodd is listed as a defendant in the case caption but there are no allegations against her in Bush's statement of the claim. Dodd cannot be held liable simply as the warden who oversees employees, because supervisory liability does not apply to actions under Section 1983. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Cir. 2008). Nor can Dodd be liable for simply responding to grievances. Thus, Bush's claims against P. Martin, Dr. Babish, and Rachel Dodd are **DISMISSED without prejudice**.

### Disposition

For the reasons stated above, Count 1 shall proceed against Dietary Supervisory Hill but is **DISMISSED without prejudice** as to P. Martin, Dr. Babish, and Rachel Dodd.

The Clerk of Court shall prepare for Defendant Mr. Hill: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Hill is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/8/2023**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**