IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEELAN R. BUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-CV-2975-MAB |
| | ) |
| JUSTIN HILL,[1] | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiff's motion for leave to file an amended complaint (Doc. 21) and Plaintiff's "Motion for Emergency Awareness," in which he submits an additional page that he wants to make part of his proposed amended complaint (Doc. 25). For the reasons explained below, Plaintiff's request to amend his complaint is granted in part and denied in part.

### BACKGROUND

**Original Complaint**

In his original complaint, Plaintiff named warden Rachel Dodd, health care administrator ("HCUA") Phil Martin, dietary supervisor Justin Hill, and Dr. Babish (Doc. 1; *see also* Doc. 13). Plaintiff alleged that he has Type 1 Diabetes but struggles to keep his blood sugar in check because of the type of meals served at Robinson, which includes

---

[1] The Clerk of Court is DIRECTED to modify the docket to reflect Defendant Hill's full and correct name. "Dietary Supervisor Hill" should be RENAMED "Justin Hill."

Page 1 of 9

daily helpings of beans, rice, pasta, potatoes, and/or white bread (Doc. 1, p. 20). Dietary supervisor Mr. Hill told Plaintiff that there were no alternative diet options for diabetics at Robinson and that the therapeutic manual guide provided by the IDOC did not require any special foods to be made available to diabetics (*Id.* at p. 20, 40).

Plaintiff alleged that HCUA Martin told him that Dr. Babish ordered a "low concentrated sweet diet with [a] bedtime snack bag" (Doc. 1, p. 21; *see also id.* at pp. 8, 13–15). But Plaintiff said that while he gets the bedtime snack bag, dietary was not providing him with the low concentrated sweet diet (*Id.*). Plaintiff alleged that HCUA Martin and Mr. Hill were in "co-hoots" to prevent him from receiving a special diet (*Id.*).

Plaintiff alleged that on August 7, 2023, he saw a new doctor (Dr. Becker), who told him that his A1C was still extremely high (Doc. 1, p. 22). The doctor raised his insulin and put in an order to dietary to give Plaintiff a p.m. salad, but dietary staff ignored the order (*Id.*). On August 17, Plaintiff spoke to Mr. Hill about the doctor's order for a salad and Mr. Hill stated that Plaintiff was not going to get a salad because the therapeutic diet manual did not say to give diabetics salads (*Id.*). Plaintiff alleges that Mr. Hill also contacted the healthcare unit and cancelled the doctor's order for a p.m. salad (*Id.*). Plaintiff said he received a slip in the mail on August 18th indicating that the salad order had been canceled (*Id.*).

The Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and allowed him to proceed on an Eighth Amendment claim for deliberate indifference against Mr. Hill based on his allegations that Hill refused to provide the special diets ordered by the prison physicians (Doc. 13, p. 4). The Court determined, however, that

Plaintiff failed to state a claim against HCUA Martin, Dr. Babish, and Warden Rachel Dodd (*Id.*). Specifically, Plaintiff failed to allege any facts that supported his allegation that HCUA Martin was in cahoots with Mr. Hill or that Martin was otherwise participating in the denial of Plaintiff's special diet (*Id.*). With respect to Dr. Babish, there were no allegations to suggest that he refused the medically indicated diet or was deliberately indifferent to Plaintiff's medical needs (*Id.*). And Plaintiff did not make any allegations at all against Warden Dodd (*Id.*).

Before Defendant Justin Hill appeared in the case, Plaintiff filed the instant motion for leave to amend his complaint (Doc. 21; *see also* Doc. 22). Defendant Hill then appeared and filed his answer, but did not file a response to Plaintiff's motion for leave to amend (Doc. 22).

**Proposed Amended Complaint**

In the proposed amended complaint, Plaintiff names Warden Rachel Dodd, HCUA Phil Martin, dietary supervisor Justin Hill, Dr. Babish, and RN Stephens as Defendants (Doc. 21, pp. 1, 2). Plaintiff repeats all of the allegations from his original complaint and asserts the following new allegations. He alleges that on August 18, 2023, he received in the institutional mail the pink carbon copy of form indicating that the salad order made by Dr. Becker had been canceled (Doc. 21, pp. 45). The form was signed by RN Stephens (*Id.* at p. 44; *see also id.* at p. 45). Three days later, Plaintiff asked Nurse Zak Abraham about the cancelation order (*Id.* at p. 45). Nurse Abraham asked to borrow Plaintiff's pink copy of the cancelation order so that he could ask Dr. Becker about it (*Id.*). The next morning Nurse Abraham told Plaintiff that Dr. Becker "didn't know anything

about the cancelation order" (*Id.*). Nurse Abraham did not give Plaintiff back the pink slip but promised to get Plaintiff a copy of the original cancelation order that should have been in his file (*Id.*).

About a month later, Nurse Abraham gave Plaintiff a copy of the original salad order written by Dr. Becker on August 7, 2023 (Doc. 21, p. 45). At the bottom of the order, "*cancelled*" was written without any further explanation (*Id.* at p. 46; *see also id.* at p. 55). Plaintiff asked about the pink copy of the cancelation order that he previously gave Nurse Abraham, and Nurse Abraham told him that RN Stephens had gotten a hold of it and shredded it because she was not supposed to have written it in the first place (*Id.* at p. 46). Plaintiff was later told by a different nurse that RN Stephens wrote the cancelation order dietary supervisor Mr. Hill called her and told her to do so (*Id.* at p. 44, 46). Plaintiff has asked the medical records department at Robinson for a copy of the cancelation order but has never received one, which leads him to believe his records have been tampered with and that RN Stephens truly did shred the order (*Id.* at p. 47).

Plaintiff then alleges that he was incarcerated in the IDOC in September 2018 but did not receive much education on managing his diabetes and he ate what the IDOC served him (Doc. 21, p. 48). In May 2022, he was hospitalized "as a result of eating the foods the [IDOC] was feeding me" and diagnosed with pancreatic ketoacidosis (*Id.*). Plaintiff has asked the medical records department at Robinson several times for a copy of the hospital records, but has not received anything (*Id.*). Plaintiff says that "the hospital report was a 109 pages in its seriousness" and "with that long of a hospital doctors report," he "know[s] that some orders are not being honored by this Health Care and

Department" (*Id.*).

Plaintiff alleges that HCUA Phil Martin "is in denial about doctors orders and what the [IDOC] is feeding diabetics" (Doc. 21, p. 48). Specifically, Plaintiff submitted a grievance in September 2023 indicating that, on August 7, 2023, Dr. Becker entered an order for p.m. salads, but the order was ignored by dietary and then improperly canceled by a nurse at the direction of the dietary supervisor. Martin was contacted for a response to Plaintiff's grievance and told the counselor that, "[o]n 8-4-23, Dr. Becker's Therapeutic Diet Order . . . has a low concentrated sweets/snack ordered. Nothing documented for PM salads" (*Id.* at pp. 66, 68). Martin reiterated the same thing to the grievance officer and also said that he pulled Plaintiff's commissary purchase list and sent a copy to Dr. Becker and the director of nursing "to review" (*Id.* at p. 68).

Plaintiff alleges that Martin's response to his grievance was totally bogus (Doc. 21, p. 50). Plaintiff says he never saw Dr. Becker on August 4th and Martin "made up" that date (*Id.*; *see also id.* at pp. 8, 15 (previous grievance responses in which Martin indicated that "Dr. Babich ordered a low concentrated sweet with bedtime snack diet on 10/17/22 for 12 months")). Plaintiff also says that Martin ignored the August 7th order for P.M. salads, which Plaintiff knows was in his master file because that is where he got his copy of the order (*Id.* at p. 50). Plaintiff further alleges that it was improper for Martin to pull his commissary purchase list and implies that Martin did so in an effort to suggest that Plaintiff was buying things incompatible with a recommended diabetic diet and divert attention from and/or cover up that a doctor's dietary order was not being honored and had been improperly canceled (*Id.* at pp. 48–49, 50).

## DISCUSSION

The Federal Rules of Civil Procedure instruct that leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15(a)(2). District courts can deny leave to amend "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to defendants, or where the amendment would be futile." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 855 (7th Cir. 2017) (citation omitted). The Amended Complaint is also subject to review under 28 U.S.C. § 1915A,[2] therefore, the Court will screen the proposed Amended Complaint in accordance with this statute while considering Plaintiff's motion for leave to amend.

The Court once again finds that Plaintiff has failed to state a claim against Dr. Babish and Warden Dodd. Plaintiff did not allege any new allegations about Dr. Babish; he simply repeated the allegations from his original complaint that Dr. Babish ordered the low concentrated sweet diet for him (*see* Doc. 21, Doc. 1). As the Court previously said, however, these allegations do not suggest that Dr. Babish refused the medically indicated diet or was deliberately indifferent to Plaintiff's medical needs (Doc. 13, p. 4). As to Warden Dodd, Plaintiff still did not include any allegations against her (*see* Doc. 21; *see also* Doc. 13, p. 4), and Dodd does not appear to be the Warden who handled and signed off on Plaintiff's grievances (*see* Doc. 21, pp. 53, 62, 68). Dodd cannot be held liable simply as the warden who oversees employees because supervisory liability does not

---

[2] Pursuant to Section 1915A, any portion of the Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

apply to actions under Section 1983. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). For these reasons, the motion for leave to amend is denied to the extent Plaintiff was attempting to reinstate Dr. Babish and Warden Dodd as Defendants.

With respect to RN Stephens, Plaintiff alleges that RN Stephens wrote and issued an unauthorized order in Dr. Becker's name canceling the previously issued dietary order for salads. Plaintiff further alleges that RN Stephens then tried to cover up her misdeed by removing the cancellation order from his medical file and destroying all copies of the order. These allegations are sufficient to state an Eighth Amendment claim that RN Stephens was deliberately indifferent to his serious medical needs by participating in the effort to deny him special diabetic dietary accommodations.

As for Phil Martin, Plaintiff alleges that Martin failed to adequately investigate Plaintiff's claims that Dr. Becker's salad order was ignored by dietary and improperly canceled by a nurse. Martin instead provided a false statement about Plaintiff's medical record, which was then used to deny Plaintiff's grievance and led to the continued deprivation of the physician-ordered dietary accommodations. Taking the allegations as true and drawing all reasonable inference in Plaintiff's favor, as the Court must, *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citation omitted), Plaintiff has sufficiently stated an Eighth Amendment deliberate indifference claim against Phil Martin. It is possible that the evidence will ultimately show that Martin was merely negligent, rather than deliberately indifferent, in reviewing Plaintiff's medical record. However, further factual development is necessary to determine Martin's state of mind. At this early stage of litigation, Plaintiff has said enough to proceed on a claim against Martin.

In conclusion, Plaintiff will be allowed to amend his complaint to add Phil Martin and RN Stephens as Defendants, but not Dr. Babish or Rachel Dodd. This case will proceed on the following claim:

> **Count 1:** Eighth Amendment deliberate indifference claim against Phil Martin, Justin Hill, and RN Stephens for refusing to provide and/or thwarting Plaintiff's access to a medically indicated diet.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by the Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled.[3]

## Conclusion

Pursuant to Rule 15 and after review of the proposed Amended Complaint under 28 U.S.C. § 1915A, Plaintiff's motion for leave to file an amended complaint (Doc. 21) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's "Motion for Emergency Awareness" (Doc. 25) is **GRANTED.** The Clerk of Court is **DIRECTED** to:

- Re-file Plaintiff's motion for leave to file an amended complaint (Doc. 21) as the First Amended Complaint, with Plaintiff's "Motion for Emergency Awareness" (Doc. 25) as an attachment;

- To reinstate P. Martin as a Defendant on the docket but to **RENAME** him as Phil Martin;

- To add RN Stephens to the docket as a Defendant;

- To **RENAME** Defendant "Dietary Supervisor Hill" as "Justin Hill"; and

- To prepare for Defendants RN Stephens and Phil Martin (1) Form 5

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

(Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons), and to mail these forms, along with a copy of this Order and the First Amended Complaint, to Defendants Stephens and Martin in accordance with the service procedures outlined in the Court's original Merit Review Order (Doc. 13).

All Defendants shall timely file an appropriate responsive pleading to the Second Amended Complaint and, pursuant to 42 U.S.C. § 1997e(g), shall not waive filing a reply. Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in the original Merit Review Order (Doc. 7) and in this Merit Review Order.

In the event Defendants Stephens and Martin asserts failure to exhaust as an affirmative defense to Count 1, their motion(s) for summary judgment on the issue of exhaustion are due within sixty (60) days of filing their answer(s) to the First Amended Complaint (*see* Doc. 26).

Finally, Plaintiff is once again reminded of his continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 9, 2024**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
