**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

KEELAN R. BUSH,                          )
                                         )
              Plaintiff,                  )
                                         )
vs.                                      )    Case No. 3:23-cv-2975-MAB
                                         )
JUSTIN HILL,                             )
                                         )
              Defendants.                 )

**MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiff's Motion to Reconsider the denial of his previous Motion for Counsel (Doc. 68)

In the previous motion, Plaintiff listed various "factors [that] increase(e) a case's complexity for a pro se plaintiff," including "the fact that the pro se plaintiff is illiterate, has a jail house lawyer handling his filings, and is under seriously mentally ill (SMI) status, and on psychotropic medication" (Doc. 66, para. 6(c)) (citing *Robinson v. Viscrogum*, 876, F.3d 923, 925 (7th Cir. 2017)). In denying the motion, the Court noted that Plaintiff listed these factors as a general matter and did not indicate that these factors applied to him (Doc. 67). Plaintiff now moves the Court to reconsider, arguing that his motion was drafted by a fellow prisoner and that he told the fellow prisoner the issues that he has but the fellow prisoner "failed to state that they apply to him" and also "omitted the fact that Plaintiff is on Geodone due to his paranoid schizophrenia (Doc. 68). In other words, Plaintiff is implying that he is in fact illiterate, has a jailhouse lawyer

preparing his filings, and is SMI and on psychotropic medicine. Notably, Plaintiff did not mention any of these things in his first motion for counsel (*see* Doc. 34; *see also* Doc. 6*).*

To the extent Plaintiff is claiming that he is illiterate, that is inconsistent with his previous representation that he has completed "some college" (Doc. 6). Notably, he also did *not* checkmark the box indicating that he "cannot speak, write, and/or read English very well" (*see id.*). *See also* Doc. 51-7 (grievance mentioning receiving a diploma from Lakeland College); *United States v. Keelan Bush*, SDIL Case No. 06-cr-30039-DRH, Doc. 3, p. 1 (initial appearance document indicating that Bush had a high school education plus some college).

Additionally, Plaintiff's statement that his previous motion was drafted by a fellow prisoner appears to the Court to be an intentional misrepresentation. The handwriting and signature on Plaintiff's previous motion for counsel is distinct (Doc. 66), and while the undersigned is no handwriting expert, it is clear that they match the handwriting and signatures on every other one of Plaintiff's submissions in this case, including grievances going back to December 2023 (*see* Docs. 1, 2, 5, 6, 7, 10, 16, 21, 25, 34, 35, 38, 57, 58, 59, 66). The Court also notes that the signatures match Plaintiff's signatures on several documents from a previous federal criminal case against him back in 2006. *See United States v. Keelan Bush*, SDIL Case No. 06-cr-30039-DRH, *e.g.,* Docs. 3, 9, 14, 15). That means the same individual has prepared all of Plaintiff's grievances to the prison and submissions to the Court for over three straight years. The Court is highly skeptical that this is so. In fact, the Court knows from its experience handling prisoner litigation that it is virtually unheard of for an inmate to maintain proximity to the same jailhouse lawyer,

and for that jailhouse lawyer to be available and willing to author every single submission on their behalf, for three straight years. Consequently, the Court can only conclude that the signature on Plaintiff's submissions is his own and the handwriting likely is too, meaning he has been preparing all of his own submissions in this matter.

As for Plaintiff's contention that he has been diagnosed with paranoid schizophrenia and prescribed psychotropic medication, the Court acknowledges that under some circumstances an inmate may be unable to coherently represent themselves due to their own serious mental illness. *But see Perry v. Sims*, 990 F.3d 505, 513 (7th Cir. 2021) (explaining that mental illness, in and of itself, does not create a legal entitlement to the appointment of counsel). In this instance, however, given the suspected misrepresentations outlined above, the Court will not take Plaintiff at his word about his mental illness. Plaintiff did not provide any verifying medical evidence of his diagnosis and treatment plan, or anything (medical records, an affidavit, etc.) that sheds light on the severity of his condition, the symptoms that accompany it, how it is currently affecting him, or why it would prevent him from coherently presenting his case.

Finally, Plaintiff claims that he "will need a medical expert in order to prepare his case and lawyer to question the defendant and the medical expert they will hire" (Doc. 66, p. 1) (emphasis in original). The Court, however, has no reason to believe any experts are necessary or have been retained in this matter. The only claim proceeding in this case is that Dietary Supervisor Justin Hill refused to provide, and/or thwarted Plaintiff's ability to receive the evening salad ordered by the doctor in an effort to help control Plaintiff's diabetes (*see* Doc. 64). Specifically, Plaintiff alleged that the doctor put in an

order for a "p.m. salad" but Hill told Plaintiff that he was not going to get a salad because the therapeutic diet manual did not provide for it and that Hill contacted health care and told them to cancel the order (Doc. 21, pp. 21–22). This is not the type of claim that necessitates expert testimony to prove. Nor has Defendant Hill given the Court any indication that he has retained an expert.

For these reasons, the Court finds that Plaintiff's instant motion provides no additional facts or reasons justifying a change of course from the Court's prior order and his motion to reconsider (Doc. 68) is therefore **DENIED**.

Furthermore, Plaintiff is **ORDERED to SHOW CAUSE**, in writing **by August 31, 2026**, as to why this case should not be dismissed as a sanction for knowingly making material misrepresentations to the Court in an effort to obtain counsel. *See* FED. R. CIV. P. 11(c)(3) ("On its own, the court may order . . . [a] party to show cause why conduct specifically described in the order has not violated Rule 11(b)."). Plaintiff is **WARNED** that failure to respond to this Order may result in dismissal of the action.

**IT IS SO ORDERED.**

**DATED: August 3, 2026**

_Mark A. Beatty_
**MARK A. BEATTY**
**United States Magistrate Judge**